IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JENNIFER M. ESPINOZA, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL NO. |
| | § | 3:16-CV-00108-RFC |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

On November 16, 2012, Plaintiff filed her application for DIB, alleging a disability onset date of January 1, 2012.  (R:130)  Her application was denied initially and denied upon reconsideration.  (R:54-77)  Plaintiff filed a request for a hearing, which was conducted on August 21, 2014.  (R:25-52)  The Administrative Law Judge ("ALJ") issued a decision on October 16, 2014, denying benefits.  (R:13-20)  The Appeals Council denied review.  (R:1-6)

## ISSUE

Plaintiff presents the following major issue for review:

1. Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence.  (Doc. 16:2)

## DISCUSSION

### I. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted).  "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted).  The Commissioner's findings will be upheld if supported by substantial evidence.  *Id*.  (citation omitted).  A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence.  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision.  *Masterson*, 309 F.3d at 272 (citation omitted).  Conflicts in the evidence are for the Commissioner and not the courts to resolve.  *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Anderson v. Sullivan*, 887 F.2d at 632-33.

In the present case, the ALJ found that Plaintiff had severe impairments of: fibromyalgia and spine disorders. (R:15) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments. (*Id.*) Upon considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform light work with the following limitations: she can frequently climb ramps and stairs but only occasionally climb ladders, ropes and scaffolds; she can frequently balance, kneel, and crawl, but only occasionally stoop and

crouch.  (R:15-16)  He further found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible.  (R:16)  At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as an insurance agent, mail technician, hair stylist, and cashier.  (R:18)  Alternatively, at step five, the ALJ found that considering Plaintiff's RFC, age, education, and work experience, as well as the VE's testimony, there were a significant number of other jobs in the national economy that Plaintiff could perform.  (R:19-20)  Consequently, the ALJ found that Plaintiff was not disabled from January 1, 2012 through the date of the ALJ's decision.  (R:20)

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

RFC is the most an individual can still do despite her limitations.  20 C.F.R. § 404.1545; SSR 96-8p.  The responsibility to determine the Plaintiff's RFC belongs to the ALJ.  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations.  *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.  *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p.  The relative weight to be given the evidence is within the ALJ's discretion.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments.  *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c).  A medically

determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Doc. 16:2) She contends that the ALJ failed to include all limitations relating to Plaintiff's impairments when determining Plaintiff's RFC. (Doc. 16:3) She argues that the ALJ used an inaccurate RFC assessment in conjunction with the hypothetical question posed to the VE at the administrative hearing inasmuch as it failed to accommodate all of Plaintiff's impairments supported by the record. (Doc. 16:9) Plaintiff maintains that the ALJ improperly failed to indicate what weight, if any, he gave to treating physician Dr. Guzman's opinion, and erroneously gave greater weight to non-examining source opinion. (Doc. 16:4) Plaintiff argues that the ALJ cannot merely pick and choose evidence that supports his position. (Doc. 16:8) Plaintiff also contends that the ALJ erred by failing to discuss the factors required by 20 C.F.R. § 404.1527(d)[1] in setting forth his reasoning for rejecting Dr. Guzman's opinion. *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000). Thus, it is urged, the ALJ rejected the opinion contained within Dr. Guzman's Medical Source Statement ("MSS") without complying with mandatory Fifth Circuit standards. (Doc. 16:5) Finally, Plaintiff argues that the ALJ erroneously failed to address Plaintiff's severe obesity in his decision. (Doc. 16:8) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc. 16:10) Defendant responds that the ALJ properly rejected Dr. Guzman's opinion, sufficiently explained why he did so, that substantial evidence

---

[1]20 C.F.R. § 404.1527 has been revised several times and the court's reference to subsection (d)(2) refers to the factors now present at subsection (c)(2) of 20 C.F.R. § 404.1527.

supports the ALJ's findings and conclusions, and that the ALJ committed no reversible error in this case.  (Doc. 17:4-10)

A review of the record demonstrates that substantial evidence supports the ALJ's finding of non-disability.  Both state agency physicians, Dr. George Carrion and Dr. Shabnam Rehman, concluded that Plaintiff was not disabled.  They both opined that Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, could stand and/or walk for a total of about 6 hours in an 8-hour workday, and could occasionally stoop, crouch, and climb ladders, ropes or scaffolds, and could frequently balance, kneel, crawl, and climb ramps and stairs, and had no manipulative and environmental limitations (R:57-58, 68-69), thus retaining an ability to perform a reduced range of light work.  A consultative examination conducted by Dr. Cesar Garcia, dated March 9, 2013, resulted in the following conclusions:  Plaintiff had mild lifting limitations and was able to lift, carry, and handle light objects.  (R:231)  She had a steady and symmetric gait.  (*Id.*)  She did not need an assistive device with regard to short and long distances and uneven terrain.  (*Id.*)  She had mild limitations with sitting, standing, and walking due to back pain and body habitus.  (*Id.*)  There were no manipulative limitations on reaching, handling, feeling, grasping, or fingering and Plaintiff could perform these frequently.  (*Id.*)   Finally, there were no workplace environmental limitations.  (*Id.*)  Dr. Garcia's opinion provides further support for the ALJ's determination of non-disability.

Non-medical evidence also supports the ALJ's decision.  Plaintiff's disability report reveals that a face-to-face interview was conducted on January 2, 2013, and that no difficulties with Plaintiff's sitting, standing, walking, and use of her hands were observed.  (R:137)  Moreover, Plaintiff testified that she drove a vehicle, performed household chores, lived in a two-story house,

and did not use any assistive device to help her walk.  (R:33, 35)  The ALJ relied on Plaintiff's daily

activities in finding that she was not as limited as she alleged.  (R:16) The ALJ can consider daily

activities when evaluating subjective complaints.  *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th

Cir. 1995).

A treating physician's opinion regarding the nature and severity of a claimant's condition

should be accorded great weight in determining disability and will normally be given controlling

weight if it is (1) well-supported by medically acceptable clinical and laboratory diagnostic

techniques and (2) not inconsistent with other substantial evidence.  *Newton v. Apfel*, 209 F.3d 448,

455 (5th Cir. 2000).  The ALJ may, however, give less weight, little weight, or no weight, to the

medical opinion of a treating physician when good cause is shown.  *Greenspan v. Shalala*, 38 F.3d

232, 237 (5th Cir. 1994).  Good cause may be established when a treating physician's statements are

brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic

techniques, or otherwise unsupported by the evidence.  (*Id.*)

The Fifth Circuit has concluded that, "absent reliable medical evidence from a treating or

examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion

of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views

under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)."  *Newton*, at 453.  Specifically, the

regulation requires consideration of:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence record;
5. the consistency of the opinion with the record as a whole; and
6.  the specialization of the treating physician.

With the foregoing considerations in mind, the Court resolves the treating physician issue in the following manner..

First, the record fails to establish that Dr. Guzman was a treating physician. A treating physician is defined as a doctor with whom the claimant has an ongoing relationship for medical treatment or evaluation, so long as the relationship is not based solely on the need to obtain a report in support of a disability claim. 28 C.F.R. § 404.1502. A review of the record fails to show a single instance of when Dr. Guzman ever examined Plaintiff, much less an ongoing pattern of treatment. Plaintiff testified that she had not seen Dr. Guzman. (R:32) Even assuming Dr. Guzman is a treating physician, the ALJ had good cause for giving little or no weight to Dr. Guzman's opinion which is set forth in a MSS which concluded, *inter alia,* that Plaintiff could occasionally lift and/or carry 10 pounds and frequently lift and/or carry less than 10 pounds, could never climb, balance, kneel, crouch, crawl, or stoop, was limited to occasional reaching due to pain and movement, and opined that Plaintiff had environmental limitations involving temperature, humidity, vibration, hazards, fumes, odors, and chemicals. (R:351-354). The record contains no other evidence or treatment notes from Dr. Guzman, and he did not list sufficient objective medical or clinical evidence to support the restrictions he assessed in the MSS.

Courts have found good cause to provide little weight to a treating physician's questionnaire opinion due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations. *Foster v. Astrue*, 410 Fed.Appx. 831, 833 (5th Cir. 2011). Dr. Guzman's MSS is lacking in each of these areas.

Another court has concluded that a treating physician's unsupported, check-the-box questionnaire regarding disability typifies the brief and conclusory statements that an ALJ may

disregard under the good cause exception to the treating physician rule. *Nguyen v. Colvin,* No. 4:13-CV-2957, 2015 WL 222328, at \*9 (S.D. Tex. Jan. 14, 2015). Again, Dr. Guzman's MSS is similarly unavailing. Plaintiff's contention that the ALJ improperly failed to indicate what weight, if any, he gave to Dr. Guzman's opinion is without merit, inasmuch as the ALJ had sufficient good cause to reject if entirely.

*Newton* requires an ALJ to consider the six regulatory factors before rejecting a treating physician's opinion in a situation where no treating or examining source directly controverts that opinion. A review of the entire record shows such not to be the case here. The Court deems the opinion evidence supplied by Dr. Cesar Garcia to be reliable; furthermore, it explicitly controverts Dr. Guzman's opinion in numerous respects. Thus, the ALJ did not have to conduct the six-factor analysis..

Plaintiff has made copious references to her own testimony and declarations regarding her impairments and limitations. Nevertheless, the ALJ found her statements to be not entirely credible and not fully supported by the objective medical evidence. It is within the ALJ's discretion to resolve conflicting evidence. *See Jones v. Heckler*, 702 F.3d 616, 621 (5th Cir. 1983). The Court concludes that the ALJ's decision was within his discretion and is supported by the evidence.

The Court has reviewed Plaintiff's remaining arguments and rejects them due to their lack of merit. The ALJ incorporated those limitations in the RFC that he found to be supported by the record and properly rejected additional ones urged by Plaintiff. This decision is supported by reasons stated earlier. The ALJ's hypothetical question posed to the VE reasonably incorporated all the disabilities of the Plaintiff that were recognized by the ALJ and Plaintiff or his representative was afforded the opportunity to correct deficiencies in the ALJ's question. Thus, the Court finds no error

in this regard.  *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994). Finally, Plaintiff contends that

the ALJ erroneously failed to address Plaintiff's severe obesity in his decision.  (Doc. 16:8)

Nevertheless, Plaintiff failed to cite to any specific record evidence indicating that obesity in any way

affected her ability to engage in basic work activities, thus failing to establish any limitations relating

to obesity.  Hence, this argument also lacks validity.  *See Fields v. Barnhart,* 83 Fed.Appx. 993, 997

(10th Cir. 2003).

## **CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner

be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 17th day of November, 2016.

_____
**ROBERT F. CASTANEDA**
**United States Magistrate Judge**